**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| KEVIN WHEELER and | ) | |
| JULIEANNE WHEELER, | ) | |
| on behalf of plaintiffs and a class | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 13-cv-03093 |
| | ) | |
| v. | ) | Judge Robert M. Dow |
| | ) | |
| CODILIS AND ASSOCIATES, P.C. | ) | Magistrate Judge Susan E. Cox |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MEMORANDUM OF LAW
IN SUPPORT OF ITS RULE 12(b)(6) MOTION TO DISMISS**

## I. Introduction And Facts Assumed True

Under the Fair Debt Collection Practices Act ("FDCPA"), a debt collector must provide to the debtor, in writing, specific information including the "name of the creditor to whom the debt is owed." 15 U.S.C. § 1692g(a)(2). This case involves a law firm debt collector and debtors who defaulted on their home mortgage. To resolve this case, this Court must determine whether a debt collector violates Section 1692g by identifying the current mortgage servicer as "the creditor to whom the debt is owed." Plaintiffs contend that the debt collector, Codilis & Associates ("Codilis"), should have instead identified Federal Home Loan Mortgage Corporation ("FHLMC"), presumably the current *owner* of the debtors' loan. In the context of residential mortgages, any sensible interpretation of the FDCPA permits, if not requires, identification of the mortgage *servicer* as "the creditor to whom the debt is owed." Therefore, Plaintiffs' claim should be dismissed.

Bank of America, N.A. ("BofA") is the loan servicer for the residential mortgage debt owed by Plaintiffs Kevin and Julieanne Wheeler.  (Compl. ¶¶ 9, 13.)  On or about July 13, 2012, Codilis sent the Wheelers a letter (the "July 13 Letter") informing them that Codilis was attempting to collect on the debt owed pursuant to the mortgage.  (Compl. ¶ 12, Compl. Ex. A.)  The July 13 Letter identified BofA as the "creditor to whom the debt is owed."  (Compl. Ex. A.)  Plaintiffs' Complaint contains no allegation that Plaintiffs ever had any contact whatsoever with FHLMC, or that FHLMC played any role in servicing or enforcing Plaintiffs' note.  In fact, after acknowledging that BofA is the servicer, Plaintiffs' complaint never alleges *any* reason why FHLMC is the appropriate "creditor" to name.  Codilis presumes Plaintiffs base their position on FHLMC's "ownership" of Plaintiffs' note.

Plaintiffs' Complaint alleges that Codilis violated Section 1692g of the FDCPA because it identified BofA, the mortgage servicer, instead of FHLMC as the "current creditor."  (Compl. ¶¶ 13, 18.)  As a matter of law and common sense, BofA – not FHLMC – was the "creditor to whom the debt is owed."  Thus, Codilis did not violate the FDCPA.

## II.   Legal Standards

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted."  Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7, 570 F.3d 811, 820 (7th Cir. 2009).  The allegations of a complaint must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'"  E.E.O.C. v. Concentra Health Servs., Inc., 496 F.3d 773, 776-77 (7th Cir. 2007).  "[L]abels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007).  Nor must a court presume facts not alleged.  Id.  If the plaintiff pleads facts demonstrating that he

has no claim, he may plead himself out of court.  McCready v. eBay, Inc., 453 F.3d 882, 888 (7th Cir. 2006).  Moreover, given that Plaintiffs have attached a document to their Complaint, the terms of the document control over any contrary allegations contained in the Complaint.  See Thompson v. Ill. Dept. of Prof'l Regulation, 300 F.3d 750, 754 (7th Cir. 2002) ("The fact remains that where a plaintiff attaches documents and relies upon the documents to form the basis for a claim or part of a claim, dismissal is appropriate if the document negates the claim.").

## III.    Argument

Two independent reasons require dismissal.  First, Codilis correctly identified BofA, the servicer of Plaintiffs' mortgage debt, as the "creditor to whom the debt was owed" within the meaning of 15 U.S.C. § 1692g(a)(2).  Second, if Codilis should have identified the owner of the note, as opposed to the party directly responsible for servicing and enforcing the note and mortgage, such mistake results in only a hyper-technical, non-actionable violation of the law.

### A.    BofA is the "Creditor to Whom the Debt Is Owed."

Section 1692g(a)(2) requires identification of "the creditor to whom the debt is owed," but provides no further explanation about the meaning of that phrase or the intention of the requirement.  Nevertheless, cases describe the role of a mortgage servicer in a manner that fits the phrase.  For instance, in CWCapital Asset Mgmt, LLC v. Chicago Properties, LLC, the Seventh Circuit held that the servicer of a mortgage was the "real party in interest" and could sue to foreclose on the mortgage without the involvement of the owner of mortgage debt.  610 F.3d 497, 501 (7th Cir. 2010).  See also Trust for the Certificate Holders of the Merrill Lynch Mortgage Investors, Inc. Mortgage Pass-Through Certificates, Series 1999-C1 v. Love Funding Corp., 556 F.3d 100, 104 n.6 (2nd Cir. 2009) ("As master and special servicer, [the mortgage

servicer] was required to perform various administrative functions, including collecting mortgage-loan payments . . . ."). This law comports with the common sense notion that the debtor should be informed of the entity that is the "master" of the note and mortgage. That entity is the servicer.

Plaintiffs contend that Codilis violated the FDCPA by "misrepresenting the current creditor" in the July 13 Letter. (Compl. ¶ 18.) Notably, identification of the "current creditor" is not what Section 1692g requires. Rather, Section 1692g requires identification of the "creditor to whom the debt is owed." 15 U.S.C. § 1692g(a)(2). As explained above, the entity is the servicer.

Although Section 1692g(a)(2) is the provision at issue in this case, it appears that Plaintiffs rely on the definition of "creditor" in Section *1692a* of the FDCPA for their position that the "creditor to whom the debt is owed" means the current *owner* of the note. But Section 1692a defines "creditor" much more broadly, as a

> person who offers or extends credit creating a debt *or* to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another.

15 U.S.C. § 1692a(4) (emphasis added). Under this definition, the "creditor" may be a variety of different entities (*i.e.*, the person who offers credit, the person that extends credit, or the person to whom the debt is currently owed). The person "to whom the debt is owed" is only a subset of the persons who could qualify as a "creditor" under the definition in Section 1692a. This particular subset of persons "to whom the debt is owed" is distinguishable from other possible creditors, such as the persons who offered or extended credit, all of whom qualify as "creditors" under Section 1692a(4). But it makes no sense to allow a debt collector to pick and choose the

"1692g(a)(2) creditor" from any one of a number of possible entities that match Section 1692a's definition of "creditor", including entities that have no interaction with the debtor and play no role in administering and enforcing debt. The most sensible interpretation is that Section 1692g(a)(2) expresses a preference for the entity *currently responsible* for servicing and enforcing the note and mortgage.

Plaintiffs' allege that FHLMC should have been identified in the July 13 Letter instead of BofA. (Compl. ¶¶ 21, 23.) Presumably, this is because FHLMC was the current "owner" of the debt, whereas BofA only serviced it. Yet there is no allegation that Plaintiffs had any interaction at all with FHLMC. There is no allegation that FHLMC played any role in the administration or enforcement of the debt instruments. In fact, there is no allegation at all as to why FHLMC should have been identified as the "creditor" under Section 1692g. Rather, Plaintiffs acknowledge that BofA was the servicer, and thereby admit that debtors' interaction would have been with BofA. (Compl. ¶ 13.). It is the mortgage servicer who administers and enforces the debt. Nevertheless, Plaintiffs' interpret Section 1692g(a)(2) to require identification of the "owner" of a mortgage, even if the owner plays no role in the loan and the debtor had no interaction with that owner. Such interpretation results in no useful information to the debtor. This purpose of Section 1692g, which is to give debtors information they need to make good decisions, is best served by identifying the party with control over the administration and enforcement of the loan. That is what Codilis did. As Codilis complied with Section 1692g, Plaintiffs' Complaint must be dismissed.

**B. Loan Servicers Can Be "Creditors" Even Under Section 1692a.**

The definition of "creditor" in Section 1692a(4) is relevant to the determination of whether an entity qualifies as a "creditor" as opposed to a "debt collector." Only debt collectors

are subject to the FDCPA's restrictions; creditors are not. But the creditor/debt collector distinction is not an issue here. There is no allegation that BofA violated the FDCPA. Thus, the determination of whether BofA is a creditor or a debt collector is not relevant to this case. The definitions in Section 1692a do not speak to whether an entity is a "creditor to whom the debt is owed" under Section 1692g. In other words, an entity's status as a debt collector that is subject to the FDCPA does not preclude it from also being properly identified as the "creditor to whom the debt is owed."

Even if the terms "debt collector" and "creditor to whom the debt is owned" are mutually exclusive, a mortgage servicer such as BofA can be a "creditor" under Section 1692a(4) of the FDCPA. See, e.g., Gomez v. GMAC Mortg., LLC, Case No. 10-13287, 2010 WL 5625673, at *3 (E.D. Mich. Dec. 15, 2010) ("[I]t is apparent that Amera was the mortgage originator, GMAC was the mortgage servicer, and MERS was the mortgagee, *which means that these Defendants are creditors [under the FDCPA],* not debt collectors") (emphasis added).[1] The determination of whether a mortgage servicer is a "creditor" turns on when the servicer began servicing the debt in question – if it did so before default, the servicer is a "creditor." As the Seventh Circuit has recognized, "[the FDCPA] treats assignees as debt collectors if the debt sought to be collected was in default when acquired by the assignee, and as creditors if it was not." Schlosser v. Fairbanks Capital Corp., 323 F.3d 534, 536 (7th Cir. 2003). This same principal applies to loan servicers such as BofA: if a loan servicer services the debt before it goes

---

[1] The FDCPA is a federal statute and thus decisions from other federal courts, though not binding, are persuasive. Indeed, in its decisions on the FDCPA, the Seventh Circuit cites liberally to decisions from other circuit and district courts. See, e.g., Schlosser v. Fairbanks Capital Corp., 323 F.3d 534 (7th Cir. 2003) (citing Pollice v. Nat'l Tax Funding, L.P., 225 F.3d 379 (3d Cir. 2000); Schroyer v. Frankel, 197 F.3d 1170 (6th Cir. 1999); Perry v. Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir. 1985)); Transamerica Fin. Servs., Inc. v Sykes, 171 F.3d 553 (7th Cir. 1999) (citing Ducrest v. Alco Collections, Inc., 931 F. Supp. 459 (M.D. La. 1996); Beattie v. D.M. Collections, Inc., 754 F. Supp. 383 (D.Del. 1991)).

into default, the servicer is a creditor under the FDCPA. See Bridge v. Ocwen Federal Bank, FSB, 681 F.3d 355, 359 (6th Cir. 2012) ("The same is true of a loan servicer, which can either stand in the shoes of a creditor or become a debt collector, depending on whether the debt was assigned for servicing before the default or alleged default occurred;" in the former situation, the loan servicer is a creditor). See also Bilal v. Chase Manhattan Mortg. Corp., Case No. 05-C-7120, 2006 WL 1650008, at *3 (N.D. Ill. June 13, 2006); McNellis v. Mortgage Electronic Registration Systems, Inc., Case No. 11-cv-05475, 2011 WL 6440424, at *3 (W.D. Wash. Dec. 21, 2011). But see Bourff v. Rubin Lublin, LLC, 674 F.3d 1238, 1241 (11th Cir. 2012) (mortgage servicer that began servicing mortgage *after* it went into default could not be identified under Section 1692g as the "creditor to whom debt is owed").[2]

In this case, Plaintiffs make no allegation that BofA began servicing Plaintiffs' mortgage only after Plaintiffs defaulted on the loan. Therefore, even under the Section 1692a(4) definition, BofA is a "creditor." Accordingly, the July 13 Letter contains no false statements, and does not violate Section 1692g of the FDCPA.

### C.   Hyper-Technical Violations of the FDCPA Are Not Actionable.

Plaintiffs allege that the July 13 Letter failed to represent the "current creditor" of the mortgage debt. (Compl. ¶ 18.) As explained above, the identification of the servicer as the creditor to whom the debt is owed does not violate Section 1692g. Importantly, the omission of the "current owner" of the note does not violate the spirit of the FDCPA, particularly where there are no allegations that Plaintiffs had any contact with the owner, or that the owner played any role in administering or enforcing the debt instruments. There is no reasonable argument that

---

[2]      According to Bourff, the servicer's status as a *debt collector* under Section 1692a(6) meant it could not be identified under Section 1692g as the *creditor* to whom the debt was owed. 674 F.3d at 1241. For the reasons stated above, Codilis believes the Bourff court erred in applying the Section 1692a(6) definition of "*debt collector*" to the issue of what party should be identified as "creditor to whom the debt is owed."

Plaintiffs could have been deceived or misled by the identification of the servicer as the "creditor to whom the debt is owned" instead of the current "owner" of the debt.  In fact, if Codilis had identified FHLMC in the July 13 Letter – as Plaintiff alleges it should have – that identification may have been more likely to confuse a debtor.  It would have meant identifying *not* the entity with control over the administration and enforcement of the debt, or with whom Plaintiffs were familiar, but rather some other entity that had no contact with the debtor and no role to play.  In fact, if Codilis had identified FHLMC as the creditor to whom the debt is owned, Plaintiffs might have filed a lawsuit claiming confusion as to why BofA, the party in control, was not identified. The FDCPA is not meant to place debt collectors in such a "gotcha!" situation.

The identification of BofA could be at most a hyper-technical violation of the FDCPA.  Therefore, Plaintiffs' claim fails.  See Wahl v. Midland Credit Mgmt., 556 F.3d 643, 645-46 (7th Cir. 2009) ("If a statement would not mislead the least sophisticated consumer, it does not violate the FDCPA – even if it is false in some technical sense."); Donohue v. Quick Collect, Inc., 592 F.3d 1027, 1033-34 (9th Cir. 2010) ("In assessing FDCPA liability, we are not concerned with mere technical falsehoods that mislead no one, but instead with genuinely misleading statements that may frustrate a consumer's ability to intelligently choose his or her response."); Volden v. Innovative Financial Sys., Inc., 440 F.3d 947, 956 (8th Cir. 2006) (finding no violation where there was a "technical and meaningless" omission of material required under Section 1692g).

The July 13 Letter informed Plaintiffs that payment was overdue on their mortgage, the name of party to whom payments were due, the amount due under the mortgage, and of their right to dispute the debt.  Plaintiffs were thus apprised of the essential details relating to their mortgage debt, and were apprised of everything Section 1692g requires.  None of these

accurate statements would or could have misled the least sophisticated consumer, including the supposed violation of labeling BofA as a creditor. Even if it were technically wrong, labeling a loan servicer as a creditor in a communication to the debtor "is immaterial" and is no basis for FDCPA liability. Patton v. American Home Mortgage Servicing, Inc., Case No. 11-cv-420, 2013 WL 1310560, at *5 (S.D. Miss. March 28, 2013) (holding that identification of servicer as creditor to whom debt was owed, as a matter of law, was an immaterial falsity, and dismissing claim with prejudice). The July 13 Letter simply does not fall into the category of unconscionable debt collection practices that the FDCPA was meant to remedy.

IV.    **Conclusion**

Plaintiffs' sole premise of liability is that Codilis violated the FDCPA when it identified BofA as the creditor of Plaintiffs' mortgage in the July 13 Letter. As a matter of law, this premise fails. BofA is the entity "to whom the debt is owed." Codilis did nothing wrong in sending the July 13 Letter. Plaintiffs' Complaint should be dismissed, with prejudice.


Dated: May 16, 2013

                                        Respectfully submitted,

                                        CODILIS & ASSOCIATES, P.C.


                                        By  /s/ W. Kyle Walther
                                             One of Its Attorneys

David J. Chizewer
W. Kyle Walther
GOLDBERG KOHN LTD.
55 East Monroe Street
Suite 3300
Chicago, Illinois  60603
(312) 201-4000

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, certifies that on May 16, 2013, he caused a copy of

the foregoing **Defendant's Memorandum of Law in Support of Its Rule 12(b)(6) Motion to**

**Dismiss** to be served via the Court's ECF/electronic mailing system.


/s/ W. Kyle Walther