**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| KEVIN WHEELER and ) | |
| JULIEANNE WHEELER, ) | |
| on behalf of plaintiffs and a class, ) | |
| ) | 13-cv-3093 |
| Plaintiff, ) | |
| ) | Judge Dow |
| vs. ) | Magistrate Judge Cox |
| ) | |
| CODILIS AND ASSOCIATES, P.C., ) | |
| ) | |
| Defendant. ) | |

## FIRST AMENDED COMPLAINT – CLASS ACTION

### INTRODUCTION

1. Plaintiffs Kevin Wheeler and Julieanne Wheeler bring this action to secure redress from unlawful credit and collection practices engaged in by defendant Codilis and Associates, P.C. ("defendant"). Plaintiffs allege violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

### VENUE AND JURISDICTION

2. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue and personal jurisdiction in this District are proper because:

   a. Defendant's collection communications were received by plaintiffs within this District;

   b. Defendant does or transacts business within this District.

### PARTIES

4. Plaintiff Kevin Wheeler is an individual who resides in the Northern District of Illinois.

5. Plaintiff Julieanne Wheeler is an individual who resides in the Northern District of Illinois.

1

6. Defendant Codilis and Associates, P.C. is a law firm organized as an Illinois corporation with offices at 15W030 N. Frontage Road, Suite 100, Burr Ridge, IL 60527.

7. Codilis and Associates, P.C. is engaged in the business of using the mails and telephone to collect consumer debts originally owed to others, including residential mortgage debts.

8. Codilis and Associates, P.C. is a debt collector as defined in the FDCPA.

## FACTS

9. Defendant Codilis and Associates, P.C. has been attempting to collect from plaintiffs an alleged residential mortgage debt.

10. The alleged debt was incurred for personal, family or household purposes (to pay for housing) and not for business purposes.

11. On or about July 13, 2012, defendant sent plaintiffs the letter attached as Exhibit A.

12. Exhibit A lists the "present creditor" as Bank of America, N.A.

13. 15 U.S.C. §1692g requires disclosure of the "name of the creditor to whom the debt is owed."

14. Section 1692g provides:

**§ 1692g. Validation of debts**

**(a) Notice of debt; contents. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--**

    **(1) the amount of the debt;**

    **(2) the name of the creditor to whom the debt is owed;**

    **(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;**

  **(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and**

  **(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.**

**(b) Disputed debts. If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.**

**(c) Admission of liability. The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.**

**(d) Legal pleadings. A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a).**

**(e) Notice provisions. The sending or delivery of any form or notice which does not relate to the collection of a debt and is expressly required by the Internal Revenue Code of 1986 [*26 USCS §§ 1* et seq.], title V of Gramm-Leach-Bliley Act [*15 USCS §§ 6801* et seq.], or any provision of Federal or State law relating to notice of data security breach or privacy, or any regulation prescribed under any such provision of law, shall not be treated as an initial communication in connection with debt collection for purposes of this section.**

15. The current "creditor to whom the debt is owed" is not Bank of America, N.A.

16. On information and belief, Bank of America, N.A. is only the servicing

3

agent, and the "creditor to whom the debt is owed" is Federal Home Loan Mortgage Corporation ("FHLMC" or "Freddie Mac").

17. A servicing agent is not the "creditor to whom the debt is owed." *Wallace v. Washington Mutual Bank, F.A.,* 683 F.3d 323 (6th Cir. 2012) (entity which originated and sold a mortgage loan, retaining servicing, is not "creditor to whom the debt is owed"); *Bourff v. Rubin Lublin, LLC*, 674 F.3d 1283 (11th Cir. 2012) (naming a servicing agent as the "creditor to whom the debt is owed" violates 1692g(a)(2)); *Hepsen v. J. C. Christensen and Associates, Inc.,* 8:07cv19352009 WL 3064865 (M.D.Fla., Sept. 22, 2009) (LVNV owned debt and hired Resurgent Capital Services as its servicing agent; Resurgent hired collection agency JCC to collect; identifying Resurgent instead of LVNV as the current creditor violates FDCPA), aff'd mem., No. 09-115435, 383 Fed. Appx. 877 (11th Cir. June 17, 2010) (unpublished); *Sparkman v. Zwicker & Associates, P.C.*, 374 F.Supp.2d 293 (E.D.N.Y. 2005) (disclosure of "The Bureaus, Inc., an agent of the current owner of your account" insufficient). A servicing agent or servicer is mortgage industry terminology for one who collects a loan for another; servicing agents that specialize in collecting "nonperforming" (defaulted) loans are called "special servicers". However, 1692g(a) requires disclosure of who the debt is now owned by. *Lee v. Forster & Garbus LLP*, 12-cv-420, 2013 WL 776740, *2 (E.D.N.Y., March 1, 2013).

18. The fact that FHLMC and not Bank of America, N.A., is the current "creditor to whom the debt is owed" is of critical importance to a mortgagor facing foreclosure, or to an attorney or housing counselor assisting such a mortgagor, because the substantive and procedural rights of a mortgagor whose loan is owned by FHLMC with respect to loan modification and loss mitigation are not the same as the rights of a mortgagor whose loan is owned by Bank of America, N.A.

19. For example, FHLMC has its own loan modification programs, its own loss mitigation procedures, and its own requirements for short sales (<u>Exhibit B</u>).

20. FHLMC (and FNMA, or Federal National Mortgage Association)

recently adopted an expedited and convenient procedure for modifications (Exhibit C) that is limited to loans owned by FHLMC (and FNMA) and is not available to persons whose loans are owned by Bank of America, N.A., or securitization trusts of which Bank of America, N.A. is the trustee.

21. Loan modification and loss mitigation procedures are generally dictated by the "creditor to whom the debt is owed", which is usually referred to as the "investor" in mortgage industry jargon. It is not uncommon for requests for modification or other loss mitigation procedures made by unrepresented borrowers to be turned down because "the investor does not allow this." Whether such statements are true and what can be done to comply with investor requirements (which are known to attorneys who represent mortgagors and housing counselors) obviously requires identification of the "investor" without delay.

22. Impeding modification or loss mitigation procedures are beneficial to defendant because it can complete foreclosure proceedings more quickly.

23. The identification of the "creditor to whom the debt is owed" is readily available to defendant.

24. Plaintiffs have been attempting to secure a loan modification and were in need of the information in question.

25. Even apart from loan modification and loss mitigation, the identity of the legal owner of the debt being collected is always material, as it bears responsibility for what is done with respect to the loan.

26. Exhibit A is a form or template document, intended for use as the initial demand letter defendant sends to a consumer, and filled out in a standardized manner.

27. Codilis and Associates, P.C. files over 250 mortgage foreclosures every month, and sends a letter in the form of Exhibit A prior to filing each.

**COUNT I – FDCPA**

28. Plaintiffs incorporate paragraphs 1-27.

29. Defendant violated 15 U.S.C. §1692g, by misrepresenting the current "creditor to whom the debt is owed".

## CLASS ALLEGATIONS

30. Plaintiffs bring this action on behalf of a class.

31. The class consists of (a) all natural persons with Illinois addresses (b) who were sent an initial demand letter by defendant (c) which listed the servicer as the "creditor to whom the debt is owed", (d) when the current "creditor to whom the debt is owed" was FHLMC (e) and the letter was sent on or after April 24, 2012, and on or before May 14, 2013.

32. On information and belief, the class members are so numerous that joinder is impracticable.

33. On information and belief, there are more than natural persons with Illinois addresses who were sent an initial demand letter by defendant which listed the servicer as the "creditor," when the creditor was FHLMC and the letter was sent on or after April 24, 2012, and on or before May 14, 2013.

34. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members. The predominant common questions are:

> a. Whether defendant had a practice of listing the servicer as the creditor;
>
> b. Whether doing so violated the FDCPA.

35. Plaintiffs' claim is typical of the claims of the class members. All are based on the same factual and legal theories.

36. Plaintiffs will fairly and adequately represent the interests of the class members. Plaintiffs have retained counsel experienced in consumer credit and debt collection abuse cases.

37. A class action is superior to other alternative methods of adjudicating

this dispute. Individual cases are not economically feasible. Many debtors may not realize that their rights are violated.

WHEREFORE, plaintiffs request that the Court enter judgment in favor of plaintiffs and the class members and against defendant for:

(1) Statutory damages;

(2) Attorney's fees, litigation expenses and costs of suit;

(3) Such other or further relief as the Court deems proper.

s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER
     & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\27163\Pleading\1st Amended Complaint_Pleading.WPD

## NOTICE OF LIEN AND ASSIGNMENT

    Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

                 s/Daniel A. Edelman
                 Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
  & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

**CERTIFICATE OF SERVICE**

      I, Daniel A. Edelman, hereby certify that on May 20, 2013, a true and accurate copy of the foregoing document was filed via the Court's CM/ECF system, and notification of such filing was sent to the following parties:

David J. Chizewer
david.chizewer@goldbergkohn.com

William K. Walther
kyle.walther@goldbergkohn.com

                                                s/Daniel A. Edelman
                                                Daniel A. Edelman