**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KEVIN WHEELER and ) | |
| JULIEANNE WHEELER, ) | |
| on behalf of plaintiffs and a class, ) | |
| ) | |
| Plaintiffs, ) | Case No. 13-cv-03093 |
| ) | |
| v. ) | Judge Robert M. Dow |
| ) | |
| CODILIS AND ASSOCIATES, P.C., ) | Magistrate Judge Susan E. Cox |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT
OF ITS RULE 12(b)(6) MOTION TO DISMISS AMENDED COMPLAINT**

**I.     Introduction**

Under the Fair Debt Collection Practices Act ("FDCPA"), a debt collector must provide to the debtor, in writing, specific information including the "name of the creditor to whom the debt is owed." 15 U.S.C. § 1692g(a)(2). This case involves a law firm debt collector and debtors who defaulted on their home mortgage. To resolve this case, this Court must determine whether a debt collector violates Section 1692g(a)(2) by identifying the current mortgage servicer as "the creditor to whom the debt is owed." Plaintiffs contend that the debt collector, Codilis & Associates ("Codilis"), should have instead identified Federal Home Loan Mortgage Corporation ("FHLMC"), presumably the current *owner* of the debtors' loan. In the context of residential mortgages, any sensible interpretation of the FDCPA permits, if not requires, identification of the mortgage *servicer* as "the creditor to whom the debt is owed." Therefore, Plaintiffs' claim should be dismissed.

Plaintiffs originally filed their Complaint on April 24, 2013. (R.Doc. 1.) Defendant filed a timely Rule 12(b)(6) Motion to Dismiss Plaintiffs' Complaint on May 16, 2013. (R.Doc. 18.) Rather than respond to the motion to dismiss, Plaintiffs chose to file an Amended Complaint on May 20, 2013. (R.Doc. 21). The Amended Complaint does not allege any new facts to support their bare legal conclusion that FHLMC is the "creditor to whom the debt is owed." Instead, Plaintiffs' new Complaint adds legal arguments about why it is so important for borrowers to know who owns their home mortgage loan. Codilis agrees about the importance of that information, but it is the Truth in Lending Act ("TILA") – not the FDCPA – which expressly requires that information to be provided. Plaintiffs have misconstrued the FDCPA and, therefore, the Amended Complaint suffers from the same fatal flaws contained in the original Complaint. As explained below, the Amended Complaint should be dismissed with prejudice.

## II. Facts Assumed True

Bank of America, N.A. ("BofA") is the loan servicer for the residential mortgage debt owed by Plaintiffs Kevin and Julieanne Wheeler. (Am. Compl. ¶ 136) On or about July 13, 2012, Codilis sent the Wheelers a letter (the "July 13 Letter") informing them that Codilis was attempting to collect on the debt owed pursuant to the mortgage. (Am. Compl. ¶ 11, Am. Compl. Ex. A.) The July 13 Letter identified BofA as the "creditor to whom the debt is owed." (Am. Compl. Ex. A.) Plaintiffs' Complaint contains no allegation that Plaintiffs ever had any contact whatsoever with FHLMC, or that FHLMC played any role in servicing or enforcing Plaintiffs' note. Plaintiffs plead the bare legal conclusion that FHLMC is "the creditor to whom the debt is due," but allege no facts to support that conclusion.

Plaintiffs' Amended Complaint alleges that Codilis violated Section 1692g(a)(2) of the FDCPA because it identified BofA, the mortgage servicer, instead of FHLMC as the

"creditor to whom the debt is owed." (Am. Compl. ¶¶ 16, 18.) As a matter of law and common sense, BofA – not FHLMC – was the "creditor to whom the debt is owed." Thus, Codilis did not violate the FDCPA.

### III.  Legal Standards

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7, 570 F.3d 811, 820 (7th Cir. 2009). The allegations of a complaint must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" E.E.O.C. v. Concentra Health Servs., Inc., 496 F.3d 773, 776-77 (7th Cir. 2007). "[L]abels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007). Nor must a court presume facts not alleged. Id. If the plaintiff pleads facts demonstrating that he has no claim, he may plead himself out of court. McCready v. eBay, Inc., 453 F.3d 882, 888 (7th Cir. 2006). Moreover, given that Plaintiffs have attached a document to their Complaint, the terms of the document control over any contrary allegations contained in the Complaint. See Thompson v. Ill. Dept. of Prof'l Regulation, 300 F.3d 750, 754 (7th Cir. 2002) ("The fact remains that where a plaintiff attaches documents and relies upon the documents to form the basis for a claim or part of a claim, dismissal is appropriate if the document negates the claim.").

### IV.  Argument

Two independent reasons require dismissal. First, Codilis correctly identified BofA, the servicer of Plaintiffs' mortgage debt, as the "creditor to whom the debt is owed" within the meaning of 15 U.S.C. § 1692g(a)(2). Second, if Codilis should have identified the owner of the note, as opposed to the party directly responsible for servicing and enforcing the note and mortgage, such mistake results in only a hyper-technical, non-actionable violation of the law.

### A. BofA is the "Creditor to Whom the Debt Is Owed."

Section 1692g(a)(2) requires identification of "the creditor to whom the debt is owed," but provides no further explanation about the meaning of that phrase or the intention of the requirement. Nevertheless, cases describe the role of a mortgage servicer in a manner that fits the phrase. For instance, in CWCapital Asset Mgmt, LLC v. Chicago Properties, LLC, the Seventh Circuit held that the servicer of a mortgage was the "real party in interest" and could sue to foreclose on the defaulted mortgage loan without the involvement of the owner of mortgage debt. 610 F.3d 497, 501 (7th Cir. 2010). See also Trust for the Certificate Holders of the Merrill Lynch Mortgage Investors, Inc. Mortgage Pass-Through Certificates, Series 1999-C1 v. Love Funding Corp., 556 F.3d 100, 104 n.6 (2nd Cir. 2009) ("As master and special servicer, [the mortgage servicer] was required to perform various administrative functions, including collecting mortgage-loan payments . . . ."). This law comports with the common sense notion that the debtor should be informed of the entity that is the "master" of the note and mortgage. That entity is the servicer.

Plaintiffs premise their case on the importance of identifying for a borrower the name of the entity who *owns* their note and mortgage, particularly when that entity can frequently change. (See Am. Compl. ¶ 21.) Codilis agrees that it is important for a borrower to know the owner of the loan. But this is not the purpose of the function of the FDCPA generally, nor Section 1692g(a)(2) specifically.

TILA – not the FDCPA – makes sure that a borrower is informed of the current owner of his mortgage loan. TILA specifically requires that, within 30 days of a mortgage loan being sold or otherwise transferred, the new owner of the mortgage must notify the mortgagor of specific information, including the identity of the new owner and how to reach someone authorized to act on behalf of that new owner. 15 U.S.C. § 1641(g)(1). Congress shares

Plaintiffs' concern about a mortgagor knowing the identity of the "owner" of his mortgage. It legislated that concern through a mortgage-specific provision of the TILA. It did not use a general section of the FDCPA which applies generally to the collection of any type of consumer debt. The provision at issue in this lawsuit – Section 1692g – requires a debt collector to notify a debtor of the creditor "to whom the debt is owed." Thus, it is designed to ensure that debtors know the party responsible for administering their debt. Identifying the servicer of a mortgage – as Defendant did in the July 13 Letter – best serves this purpose.

Indeed, imagine a health club facility owned by a private equity fund, but managed by a brand name health club operation, such as Ballys or Equinox. The health club brand, like a mortgage servicer, has responsibility for managing all aspects of the operations. When it hires a debt collector to collect its members' unpaid monthly dues, who should the debtor identify as the creditor? It seems obvious that the answer is the brand name health club that has had all contact with the debtor. Identification of the private equity firm would serve no purpose, even if the firm had ultimate customs to dictate parameters for settling claims. This concept should not change depending on the nature of the debt. The FDCPA is not tailored to address the intricacies of mortgage securitization, or to the split in function between mortgage owner and servicer. The debt collector should not be penalized for interpreting the FDCPA in the general manner in which it is crafted, particularly when another statute addresses the very issue about which Plaintiffs complain. Defendant complied with the FDCPA when it sent the July 13 letter, identifying BofA as the creditor "to whom the debt is owed."

### 1. Plaintiffs Confuse Section 1692g(a)(2) With Section 1692a(4).

Although Section 1692g(a)(2) is the provision at issue in this case, it appears that Plaintiffs rely on the definition of "creditor" in Section *1692a* of the FDCPA for their position

that the "creditor to whom the debt is owed" means the current *owner* of the note. But Section 1692a defines "creditor" much more broadly, as a

> person who offers or extends credit creating a debt *or* to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another.

15 U.S.C. § 1692a(4) (emphasis added). Under this definition, the "creditor" may be a variety of different entities (*i.e.*, the person who offers credit, the person that extends credit, or the person to whom the debt is currently owed). The person "to whom the debt is owed" is only a subset of the persons who could qualify as a "creditor" under the definition in Section 1692a. This particular subset of persons "to whom the debt is owed" is distinguishable from other possible creditors, such as the persons who offered or extended credit, all of whom qualify as "creditors" under Section 1692a(4). But it makes no sense to allow a debt collector to pick and choose the "1692g(a)(2) creditor" from any one of a number of possible entities that match Section 1692a's definition of "creditor," including entities that have no interaction with the debtor and play no role in administering and enforcing debt. The most sensible interpretation is that Section 1692g(a)(2) expresses a preference for the entity *currently responsible* for servicing and enforcing the note and mortgage.

Plaintiffs' allege that FHLMC should have been identified in the July 13 Letter instead of BofA. (Am. Compl. ¶¶ 31, 33.) Presumably, this is because FHLMC was the current "owner" of the debt, whereas BofA only serviced it. Yet there is no allegation that Plaintiffs had any interaction at all with FHLMC. There is no allegation that FHLMC played any role in the administration or enforcement of the debt instruments. In fact, there is no allegation at all as to why FHLMC should have been identified as the "creditor" under Section 1692g. Rather, Plaintiffs acknowledge that BofA was the servicer, and thereby admit that debtors' interaction

-6-

would have been with BofA. (Am. Compl. ¶ 16.) It is the mortgage servicer who administers and enforces the debt. Nevertheless, Plaintiffs interpret Section 1692g(a)(2) to require identification of the "owner" of a mortgage, even if the owner plays no role in the loan and the debtor had no interaction with that owner. Such interpretation results in no useful information to the debtor. This purpose of Section 1692g, which is to give debtors information they need to make good decisions, is best served by identifying the party with control over the administration and enforcement of the loan. That is what Codilis did. The broader definition of "creditor" in Section 1692a(4) has no bearing on the issues here. As Codilis complied with Section 1692g, Plaintiffs' Complaint must be dismissed.

### 2. Loan Servicers Can Be "Creditors" Even Under Section 1692a.

As explained above, the definition of "creditor" in Section 1692a(4) is relevant to the determination of whether an entity qualifies as a "creditor" as opposed to a "debt collector." Only debt collectors are subject to the FDCPA's restrictions; creditors are not. But the creditor/debt collector distinction is not an issue here. There is no allegation that BofA violated the FDCPA. Thus, the determination of whether BofA is a creditor or a debt collector is not relevant to this case. The definitions in Section 1692a do not speak to whether an entity is a "creditor to whom the debt is owed" under Section 1692g. In other words, an entity's status as a debt collector that is subject to the FDCPA does not preclude it from also being properly identified as the "creditor to whom the debt is owed."

Even if the terms "debt collector" and "creditor to whom the debt is owed" are mutually exclusive, a mortgage servicer such as BofA can be a "creditor" even under Section 1692a(4) of the FDCPA. See, e.g., Gomez v. GMAC Mortg., LLC, Case No. 10-13287, 2010 WL 5625673, at *3 (E.D. Mich. Dec. 15, 2010) ("[I]t is apparent that Amera was the mortgage originator, GMAC was the mortgage servicer, and MERS was the mortgagee, *which*

*means that these Defendants are creditors [under the FDCPA], not debt collectors")* (emphasis added).[1] The determination of whether a mortgage servicer is a "creditor" turns on when the servicer began servicing the debt in question – if it did so before default, the servicer is a "creditor." As the Seventh Circuit has recognized, "[the FDCPA] treats assignees as debt collectors if the debt sought to be collected was in default when acquired by the assignee, and as creditors if it was not." Schlosser v. Fairbanks Capital Corp., 323 F.3d 534, 536 (7th Cir. 2003). This same principal applies to loan servicers such as BofA: if a loan servicer services the debt before it goes into default, the servicer is a creditor under the FDCPA. See Bridge v. Ocwen Federal Bank, FSB, 681 F.3d 355, 359 (6th Cir. 2012) ("The same is true of a loan servicer, which can either stand in the shoes of a creditor or become a debt collector, depending on whether the debt was assigned for servicing before the default or alleged default occurred;" in the former situation, the loan servicer is a creditor). See also Bilal v. Chase Manhattan Mortg. Corp., Case No. 05-C-7120, 2006 WL 1650008, at *3 (N.D. Ill. June 13, 2006); McNellis v. Mortgage Electronic Registration Systems, Inc., Case No. 11-cv-05475, 2011 WL 6440424, at *3 (W.D. Wash. Dec. 21, 2011).

---

[1] The FDCPA is a federal statute and thus decisions from other federal courts, though not binding, are persuasive. Indeed, in its decisions on the FDCPA, the Seventh Circuit cites liberally to decisions from other circuit and district courts. See, e.g., Schlosser v. Fairbanks Capital Corp., 323 F.3d 534 (7th Cir. 2003) (citing Pollice v. Nat'l Tax Funding, L.P., 225 F.3d 379 (3d Cir. 2000); Schroyer v. Frankel, 197 F.3d 1170 (6th Cir. 1999); Perry v. Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir. 1985)); Transamerica Fin. Servs., Inc. v Sykes, 171 F.3d 553 (7th Cir. 1999) (citing Ducrest v. Alco Collections, Inc., 931 F. Supp. 459 (M.D. La. 1996); Beattie v. D.M. Collections, Inc., 754 F. Supp. 383 (D.Del. 1991)).

In support of their argument, Plaintiffs assert that a loan servicer cannot be the "creditor to whom the debt is owed" under Section 1692g. (Am. Compl. ¶ 17.) Their primary support is a case that is not about Section 1692g and does not address *in any way* the meaning of the phrase "creditor to whom the debt is owed." (See id.) (citing Wallace v. Washington Mutual Bank, F.A., 683 F.3d 323 (6th Cir. 2012)). The issue in Wallace was whether a foreclosure lawsuit violated the FDCPA when it misidentified the owner of the mortgage. Wallace, 683 F.3d at 326 ("The single issue before us is whether the filing of foreclosure action by the law firm claiming ownership of the mortgage by its client Washington Mutual constitutes a 'false, deceptive or misleading representation' under the Fair Debt Collection Practices Act when the bank has not received a transfer of the ownership documents.") Wallace stands for the proposition that when a law firm chooses to name an owner of the mortgage in a foreclosure lawsuit, it should name the current owner. Nothing in Wallace requires the *owner* of the debt, as opposed to the servicer, to be the plaintiff in a mortgage foreclosure lawsuit.[2] Moreover, Wallace says nothing about the meaning of Section 1692g, the provision at issue here.

Plaintiffs also cite a case that is not about mortgage debt at all. (Am. Compl. ¶ 17) (citing Sparkman v. Zwicker & Associates, P.C., 374 F. Supp. 2d 293, 301 (E.D.N.Y. 2005)). Sparkman merely holds that it is confusing if the debt collector mislabels the owner of a debt as the agent of the owner. The case here has nothing to do with mislabeling, and therefore Sparkman is of no relevance.

Plaintiffs' Amended Complaint also relies on a case dealing with the inapplicable situation of an assignee obtaining a debt <u>after</u> the debt goes into default. Bourff v. Rubin Lublin, LLC, 674 F.3d 1238, 1241 (11th Cir. 2012). According to Bourff, the servicer's status as a *debt*

---

[2] And as noted above, the owner of the debt need not be the plaintiff; foreclosure actions can be brought by the mortgage servicer as well. CWCapital, 610 F.3d at 501.

*collector* under Section 1692a(6) meant it could not be identified under Section 1692g as the *creditor* to whom the debt was owed. 674 F.3d at 1241. Unlike in Bourff, Plaintiffs here never alleged that BofA took over the servicing *after* Plaintiffs' debt was in default. In any event, for the reasons stated above, Codilis believes the Bourff court erred in applying the Section 1692a(6) definition of "*debt collector*" to the issue of what party should be identified as "creditor to whom the debt is owed." The Amended Complaint cites another inapplicable case that does not address meaning of the phrase "creditor to whom the debt is owed," and also relies on the definitions found in Section 1692a. Hepson v. J.C. Christensen and Associates, Inc., Case No. 07-CV-1935, 2009 WL 3064865 (M.D. Fla. Sept. 22, 2009).

Plaintiffs' Amended Complaint cites Lee v. Forster & Garbus LLP, Case No. 12-CV-420, 2013 WL 776740, at *2 (E.D.N.Y. Mar. 1, 2013) to argue that the owner of a debt must be named as the "creditor to whom the debt is owed." (Am. Compl. ¶ 17.) Plaintiffs misinterpret Lee, an inapposite case that is not about loan servicers and is not about a mortgage debt. In Lee, Capital One was the original owner of the debt, and an entity called "NCOP XI, LLC" bought the debt after it went into default. The debt collector identified the "creditor to whom the debt is owed" as "NCOP XI, LLC A/P/O CAPITAL ONE." Id. Lee held that such an identification could mislead the least sophisticated consumer (citing Sparkman, 374 F. Supp. 2d at 300-01). It said nothing about requiring identification of "who the debt is now owned by." Instead, it stands for the proposition that if a debt collector chooses to identify an owner of a debt in correspondence with the debtor, it better ensure that it is clearly naming the correct owner. Here, the July 13 Letter is not ambiguous in identifying the "creditor to whom the debt is owed," Defendant chose not to name the "owner" of the debt in the letter, and Lee is inapplicable.

In this case, Plaintiffs make no allegation that BofA began servicing Plaintiffs' mortgage only after Plaintiffs defaulted on the loan. Therefore, even under the Section 1692a(4) definition, BofA is a "creditor." Accordingly, the July 13 Letter contains no false statements, and does not violate Section 1692g of the FDCPA.

      **B.**    <u>**Hyper-Technical Violations of the FDCPA Are Not Actionable.**</u>

As explained above, the identification of the servicer as the creditor to whom the debt is owed does not violate Section 1692g. Importantly, the omission of the "current owner" of the note does not violate the spirit of the FDCPA, particularly where there are no allegations that Plaintiffs had any contact with the owner, or that the owner played any role in administering or enforcing the debt instruments. There is no reasonable argument that Plaintiffs could have been deceived or misled by the identification of the servicer as the "creditor to whom the debt is owed" instead of the current "owner" of the debt. In fact, if Codilis had identified FHLMC in the July 13 Letter – as Plaintiff alleges it should have – that identification may have been more likely to confuse a debtor. It would have meant identifying *not* the entity with control over the administration and enforcement of the debt, or with whom Plaintiffs were familiar, but rather some other entity that had no contact with the debtor and no role to play. In fact, if Codilis had identified FHLMC as the creditor to whom the debt is owed, Plaintiffs might have filed a lawsuit claiming confusion as to why BofA, the party in control, was not identified. The FDCPA is not meant to place debt collectors in such a "gotcha!" situation.

The identification of BofA could be at most a hyper-technical violation of the FDCPA. Therefore, Plaintiffs' claim fails. <u>See</u> <u>Wahl v. Midland Credit Mgmt.</u>, 556 F.3d 643, 645-46 (7th Cir. 2009) ("If a statement would not mislead the least sophisticated consumer, it does not violate the FDCPA – even if it is false in some technical sense."); <u>Donohue v. Quick Collect, Inc.</u>, 592 F.3d 1027, 1033-34 (9th Cir. 2010) ("In assessing FDCPA liability, we are not

concerned with mere technical falsehoods that mislead no one, but instead with genuinely misleading statements that may frustrate a consumer's ability to intelligently choose his or her response."); Volden v. Innovative Financial Sys., Inc., 440 F.3d 947, 956 (8th Cir. 2006) (finding no violation where there was a "technical and meaningless" omission of material required under Section 1692g).

The July 13 Letter informed Plaintiffs that payment was overdue on their mortgage, the name of the party to whom payments were due, the amount due under the mortgage, and of their right to dispute the debt. Plaintiffs were thus apprised of the essential details relating to their mortgage debt, and were apprised of everything Section 1692g requires. None of these accurate statements would or could have misled the least sophisticated consumer, including the supposed violation of labeling BofA as a creditor. Even if it were technically wrong, labeling a loan servicer as a creditor in a communication to the debtor "is immaterial" and is no basis for FDCPA liability. Patton v. American Home Mortgage Servicing, Inc., Case No. 11-cv-420, 2013 WL 1310560, at *5 (S.D. Miss. March 28, 2013) (holding that identification of servicer as creditor to whom debt was owed, as a matter of law, was an immaterial falsity, and dismissing claim with prejudice). The July 13 Letter simply does not fall into the category of unconscionable debt collection practices that the FDCPA was meant to remedy.

## V.     Conclusion

Plaintiffs' sole premise of liability is that Codilis violated the FDCPA when it identified BofA as the creditor of Plaintiffs' mortgage in the July 13 Letter. As a matter of law, this premise fails. BofA is the entity "to whom the debt is owed." Codilis did nothing wrong in sending the July 13 Letter. Plaintiffs' Complaint should be dismissed, with prejudice.

Dated: June 3, 2013

                                          Respectfully submitted,

                                          CODILIS & ASSOCIATES, P.C.


                                          By  /s/ W. Kyle Walther
                                                One of Its Attorneys

David J. Chizewer
W. Kyle Walther
GOLDBERG KOHN LTD.
55 East Monroe Street
Suite 3300
Chicago, Illinois 60603
(312) 201-4000

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that on June 3, 2013, he caused a copy of the foregoing **Defendant's Memorandum of Law in Support of Its Rule 12(b)(6) Motion to Dismiss Amended Complaint** to be served via the Court's ECF/electronic mailing system.

/s/ W. Kyle Walther