**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KEVIN WHEELER and ) | |
| JULIEANNE WHEELER, ) | |
| on behalf of plaintiffs and a class, ) | |
| ) | |
| Plaintiffs, ) | Case No. 13-cv-03093 |
| ) | |
| v. ) | Judge Robert M. Dow |
| ) | |
| CODILIS AND ASSOCIATES, P.C., ) | Magistrate Judge Susan E. Cox |
| ) | |
| Defendant. ) | |

**DEFENDANT'S REPLY MEMORANDUM OF LAW IN SUPPORT
OF ITS RULE 12(b)(6) MOTION TO DISMISS AMENDED COMPLAINT**

Codilis' motion to dismiss provides this Court with three separate bases for dismissal. First, distinctions in the FDCPA's definitions of "debt collector" and "creditor" determine which entities are subject to the FDCPA. Those two definitions do NOT determine which entity should be identified under 1692g as the "creditor to whom the debt is owed." Second, Plaintiffs' policy concerns about the importance of understanding who owns the debt are addressed by TILA. Finally, Defendant's conduct in this case could qualify at most as a nonactionabe hyper-technical violation to the Act.

In their Response to Motion to Dismiss First Amended Complaint (the "Response," R. 30), Plaintiffs improperly used the definition and meaning of "creditor" in Section 1692a to argue that a mortgage servicer is not a creditor "to whom the debt is owed." In doing so, Plaintiffs attempt to turn the FDCPA into a statute designed to regulate problems that Plaintiffs identify within the mortgage industry. The Plaintiffs' arguments are divorced from the

general purpose of the FDCPA, ignore other statutes designed to remedy Plaintiffs' concerns, and place Codilis in an impossible catch-22. For these reasons, the case should be dismissed.

**I.     The Terms "Debt Collector" and "Creditor to Whom the Debt Is Owed" are Not Mutually Exclusive.**

Section 1692a's distinction between "debt collector" and "creditor" is not relevant in determining whether an entity is a "creditor to whom the debt is owed" under Section 1692g. (See Motion at 5-7.)[1] The terms "debt collector" in Section 1692a(6) and "creditor to whom the debt is owed" in Section 1692g are not mutually exclusive. The same entity can be both a debt collector and a creditor to whom the debt is owed. Indeed, the FDCPA's definition of "debt collector" actually includes the word "creditor" as a type of entity that might satisfy the "debt collector" definition. See 15 U.S.C. § 1692a(6) ("The term 'debt collector'… includes any *creditor* who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.") (emphasis added). This section of the definition proves that status as a debt collector does not exclude an entity from also being the creditor to whom the debt is owed.

Admittedly, Plaintiffs did manage to cite cases suggesting that status as a debt collector precluded status as a 1692g creditor. See e.g., Hepson v. J.C. Christensen and Assoc., Inc., No. 07-CV-1935, 2009 WL 3064865, at *5 (M.D. Fla. Sept. 22, 2009) (court found identification of credit card servicer as the Section 1692g creditor to be a false representation because "such term does not include debt collectors");[2] Bourff v. Rubin Lublin, LLC, 674 F.3d 1238, 1241 (11th Cir. 2012) (mortgage servicer was not Section 1692g creditor because it took

---

[1] As explained in the Motion, the distinction is relevant in determining whether the FDCPA applies to an entity's debt collection efforts. And clearly, in this case, Defendant meets the definition of "debt collector" found in Section 1692a, and accordingly must comply with the FDCPA.

-2-

over the servicing of the debt after default); Park v. Shapiro & Swertfeger, LLP, No. 1:12-CV-1132-TWT-JSA, 2013 WL 603880 (N.D. Ga. Jan. 9, 2013) (same).[3] For the reasons explained above, these cases are wrong. The statute clearly contemplates situations where an entity can be both a debt collector and a creditor.

Even if the terms "debt collector" and "creditor to whom the debt is owed" were mutually exclusive, Plaintiffs never allege that BofA was a debt collector. A loan servicer is a "creditor" under Section 1692a if it begins servicing a debt before default. See, e.g., Bridge v. Ocwen Fed. Bank, FSB, 681 F.3d 355, 359 (6th Cir. 2012). Plaintiffs never allege that BofA took over the servicing of their debt only after the debt was already in default. Accordingly, BofA is a "creditor" under Section 1692a, and Defendant did not violate the FDCPA by identifying it in the July 13 Letter. This is yet another reason why this Court should not look to Plaintiffs' cited cases for guidance.

None of the remaining cases cited by Plaintiffs support their argument that BofA fails to qualify as a Section 1692g creditor. Two are not about Section 1692g at all. Wallace v. Washington Mut. Bank, F.A., 683 F.3d 323 (6th Cir. 2012) (sole issue was whether a foreclosure lawsuit violates the FDCPA when it misidentifies the owner of the mortgage; not about a debt notification letter, and not about Section 1692g); Suquilanda v. Cohen & Slamowitz, LLP, No. 10vCivv5868, 2011 WL 4344044, at *7 n.8 (S.D.N.Y. Sept. 8, 2011) ("Plaintiff does not allege that the April 1 Letter was a 'validation notice,' as described in section 1692g, which is subject to

---

[2] In addition, Hepson is not about mortgage debt, but rather a credit card debt where the debt servicer was an entity that the plaintiff "never had an account with." Hepson, 2009 WL 3064865, at * 1. This is in stark contrast to the instant situation, where Plaintiffs are familiar with BofA as their mortgage servicer.

[3] In this same vein, Plaintiffs cite to a Staff Commentary issued by the Federal Trade Commission. (Response at 6.) Yet the quoted passage deals solely with the issue of interpreting the exemptions to the definition of "debt collector" under Section 1692a. It says that a mortgagor who assigns a loan to a third party, but continues to service the mortgage itself, remains exempt from the definition of "debt collector." 53 Fed. Reg. 500097 (Dec. 13, 1998). That

that provision's notice requirements."). The others address whether an entity is a Section 1692g creditor, but in inapposite situations. Sparkman v. Zwicker & Assoc., P.C., 374 F. Supp. 2d 293, 301 (E.D.N.Y. 2005) (holding that it is confusing to mislabel the owner of a debt as the "agent of the current owner of your account," as this gives the false perception that a separate, undisclosed entity is involved and confuses the least sophisticated consumer); Shoup v. McCurdy & Candler, LLC, 465 F.App'x 882, 883 (11th Cir. 2012) (identifying the "grantee" under a mortgage, an entity to whom the plaintiff owed no debt, violated Section 1692g); Lee v. Forster & Garbus LLP, No. 12-CV-420 DLI CLP, 2013 WL 776740, at *2 (E.D.N.Y. Mar. 1, 2013) (identification of Section 1692g creditor as "NCOP XI, LLC A/P/O CAPITAL ONE" violated Section 1692g because "the letter does not clearly and effectively convey [NCOP's] role in connection with the debt."). Here, Defendants did not create any confusion by identifying BofA, the mortgage servicer, as the "creditor to whom the debt is owed."

## II. Identification Of A Mortgage Servicer Does Not Violate The Spirit Of The FDCPA.

Section 1692g "is designed to fulfill the congressional intent to 'eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid.'" Weinstein v. Fink, No. 99 C 7222, 2001 WL 185194, at *6 (N.D. Ill. Feb. 26, 2001) (quoting S. Rep. No. 382, 95th Cong.2d Sess. 4, reprinted in 1977 U.S. Code Cong. & Admin. News 1695, 1699); see also Ellis v. Solomon and Solomon, P.C., 591 F.3d 130, 134 (2d Cir. 2010) (same). Defendant's identification of the mortgage servicer as the Section 1692g creditor fully adheres to this intent. Plaintiffs fail to describe how identifying a mortgage servicer as the "creditor to whom the debt is owed" rather than an investor, unknown to the borrower, would give rise to the concern about dunning the wrong person. Indeed, by

---

is fine and well, but whether an entity falls under an exception to a definition found in Section 1692a has no relevance to whether there has been a violation of Section 1692g. (*See also* Motion at 5-7.)

identifying the servicer – an entity with whom the borrower is familiar – the debt collector reduces the chance that the borrower pays an unknown, wrong entity.

Plaintiffs devote several pages tugging at the Court's heartstrings, showing the horrors that can result to consumers who fall victim to con artists trying to collect on a debt which they are not authorized to collect. (Response at 6-8.) But again, there is no allegation as to why identifying an unknown trustee of a securitization trust as opposed to the servicer would offer any protection against the problems Plaintiffs described.

Plaintiffs also argue that they need to know the "owner" of the mortgage because, they allege, it affects their "legal rights with respect to modification or loss mitigation." (Id. at 9) But again, Plaintiffs do not allege why identification of a mortgage's owner or investor, which is often a securitization trust such as "Certificateholders of CWALT, Inc., Alternative Loan Trust 2005–33CB Mortgage Pass–Through Certificate, Series 2005–33CB," would serve the interests of the borrower better than identification of the actual servicer such as BofA. They do not allege how it would give Plaintiffs any more information about modification or loss mitigation rights than identification of the actual servicer, who, unlike the owner, employs people to explain and implement those rights.

### III.  TILA Alleviates Plaintiffs' Fears and Concerns.

As explained in the Motion, Congress believes that it is important for a mortgagee to know who owns their mortgage. But that is not the purpose of the FDCPA in general or Section 1692g specifically. That is the purpose of TILA.

Plaintiffs argue that TILA should be ignored. They point out that it pertains only to home mortgages, whereas the FDCPA applies to all types of consumer debt. (Response at 5.) Defendant agrees, but fails to see the relevance of the distinction. Defendant's point in citing TILA was to show that Congress has acted to make sure Plaintiffs' fears – not knowing at all

-5-

times who owns their mortgage – have been addressed. (Motion at 4-5.) Section 1692g of the FDCPA, on the other hand, requires identification of the "creditor to whom the debt is owed." If Congress meant for Section 1692g to require identification of the "owner" of the debt, it would have said so in the statute. It did not, and since BofA is a "creditor to whom the debt is owed," there has been no violation of the FDCPA.

Plaintiffs also argue that even if they received a notice under TILA, they should not be expected to pay attention to or keep such notice. (Response at 5.) Plaintiffs ask too much. On the one hand, they describe at length why, in their view, it is important for them to know who owns their mortgage. Then, they ask to be excused from paying attention to a notice letting them know precisely this fact. The argument makes no sense. And as explained above, Section 1692g is not meant to remind consumers of facts they already know but have intentionally disregarded, or excuse a consumer's willful indifference to such facts.

**IV.     Hyper-Technical Violations of the FDCPA Are Not Actionable.**

In the event that the Court disagrees with Defendant, and finds that BofA does not qualify as a Section 1692g creditor, the Complaint still must be dismissed. In this scenario, the error in the July 13 Letter would be a hyper-technical violation of the FDCPA, and thus not actionable, as identification of the mortgage servicer, the party in control of Plaintiffs' mortgage, did not deceive or mislead Plaintiffs. (Motion at 11-12.)

Plaintiff argues that since knowing the owner of one's mortgage is important, such a violation cannot be hyper-technical. (Response at 11.) But importance is not the test. The test is whether a statement misleads the least sophisticated consumer – if it does not, then even if false, such statement does not violate the FDCPA. See Wahl v. Midland Credit Mgmt., 556 F.3d 643, 645-46 (7th Cir. 2009). And here, the July 13 Letter's identification of the servicer – the entity with control over the enforcement and administration of Plaintiff's debt – clearly would

-6-

not mislead the least sophisticated consumer.[4]  Indeed, a court that reached the conclusion that it was error to identify the mortgage servicer nonetheless found no possible violation of the FDCPA.  Patton v. Am. Home Mortg. Servicing, Inc., No. 11CV420, 2013 WL 1310560, at *5 (S.D. Miss. March 28, 2013).  Plaintiffs argue that Patton is inapplicable because, unlike the plaintiff in that case, they have alleged why knowing the "owner" of the mortgage is "material." (Response at 12.)  Yet just as the plaintiff in Patton, "Plaintiff does not allege that confusion over the identity of the creditor caused her inability to cure her default."  Patton, 2013 WL 1310560, at *5.  Identification of BofA in the July 13 Letter did not confuse Plaintiffs.  It could not confuse even the least sophisticated consumer.  Thus, even if technically false, it is not an actionable violation of Section 1692g.

**V.     Conclusion.**

Plaintiffs' Response ignores the plain language and the purpose of Section 1692g. Plaintiffs try to distract the Court from the legal deficiencies in their Complaint by painting a picture of a hypothetical horror story involving unscrupulous debt collectors and predatory lenders.  But the reality is that there are no bad actors here.  BofA was trying to collect on a debt that it was servicing and administering.  It retained Defendant in that effort.  As required by Section 1692g, Defendant identified BofA as the "creditor to whom the debt is owed" in the July 13 Letter.  There has been no violation of the FDCPA, and nothing Plaintiff can do to amend their Complaint would change this fact.  The Court should grant Defendant's Motion and dismiss Plaintiffs' Complaint, with prejudice.

---

[4] In fact, as pointed out in the Motion, identification of FHLMC in the July 13 Letter – which Plaintiffs argue should have happened – would be more likely to mislead the least sophisticated consumer.

Dated: July 22, 2013

                                        Respectfully submitted,

                                        CODILIS & ASSOCIATES, P.C.


                                        By  /s/ W. Kyle Walther
                                             One of Its Attorneys

David J. Chizewer
W. Kyle Walther
GOLDBERG KOHN LTD.
55 East Monroe Street
Suite 3300
Chicago, Illinois  60603
(312) 201-4000

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that on July 22, 2013, he caused a copy of the foregoing **Defendant's Reply Memorandum of Law in Support of Its Rule 12(b)(6) Motion to Dismiss Amended Complaint** to be served via the Court's ECF/electronic mailing system.

/s/ W. Kyle Walther