**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KEVIN WHEELER and JULIEANNE WHEELER, on behalf of plaintiffs and a class, | ) ) ) ) |
| Plaintiffs, | ) Case No. 13-cv-03093 |
| v. | ) ) Judge Robert M. Dow |
| CODILIS AND ASSOCIATES, P.C., | ) ) Magistrate Judge Susan E. Cox |
| Defendant. | ) ) |

**DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION
TO SET INITIAL STATUS CONFERENCE**

Defendant Codilis & Associates, P.C. ("Codilis"), by its undersigned counsel, hereby files its Response to Plaintiffs' Motion to Set Initial Status Conference. In support thereof, Defendant states as follows:

1. Currently pending before the Court is Defendant's fully-briefed and fully-dispositive Motion to Dismiss.

2. The Court's ruling on the Motion to Dismiss will greatly impact the necessity and scope of discovery in this lawsuit. If the Motion to Dismiss is granted, there will be no need for discovery. Even if it is denied, the Court's ruling will likely narrow and tailor any necessary discovery, or still may eliminate the need for discovery. Accordingly, it is Defendant's position that any discovery at this juncture is an unnecessary waste of the Parties' and of the Court's resources.

3. On October 29, 2013, counsel for Plaintiffs emailed counsel for Defendant requesting a Rule 26(f) discovery conference. The following day, counsel for both parties spoke over the telephone about Plaintiffs' request.

4. Contrary to Plaintiffs' statement in their Motion, counsel for Defendant never declined to participate in a Rule 26(f) conference, and never stated that its position was not to engage in a Rule 26(f) conference without an Initial Status Conference.

5. Instead, counsel for Defendant expressed Defendant's view that it was premature to hold a Rule 26(f) conference for the reasons stated above. Counsel for Defendant also pointed out that there was no pressing need to hold a Rule 26(f) conference, as the Court had not even set an Initial Status Conference date. Nonetheless, counsel for Defendant stated that Defendant wanted to cooperate, and that if Plaintiffs persisted in demanding a Rule 26(f) conference, Defendant would agree. However, in the event that Plaintiffs served discovery after such a conference but before the Court ruled on the pending Motion to Dismiss, counsel for Defendant informed Counsel for Plaintiffs that Defendant would object and, if necessary, seek a protective order. As a potential compromise, counsel for Defendant raised the possibility of expedited discovery in the event that the Court denied the Motion to Dismiss. The call concluded amenably, and until receiving the instant Motion, counsel for Defendant heard nothing further from counsel for Plaintiffs on this issue.

6. For the same reasons stated above and explained to Plaintiffs' counsel, Defendant's view is that engaging in discovery and discovery conferences at this juncture is an unnecessary and avoidable waste of the resources of all involved. Plaintiffs' Motion should be denied.[1]

---

[1] As an addition ground to deny the instant Motion, Plaintiffs' Motion fails to comply with this Court's standing order on discovery: "Parties should make every effort to resolve discovery disputes without the need for judicial

Dated:  November 8, 2013                    Respectfully submitted,

                                            CODILIS & ASSOCIATES, P.C.


                                            By  /s/ W. Kyle Walther
                                                 One of Its Attorneys

David J. Chizewer
W. Kyle Walther
GOLDBERG KOHN LTD.
55 East Monroe Street
Suite 3300
Chicago, Illinois  60603
(312) 201-4000

---

intervention.  Accordingly, discovery motions should be filed <u>only as a last resort</u> and will not be heard unless the moving party has complied with the 'meet and confer' requirement of Local Rule 37.2  <u>Any discovery motion must state with specificity when and how the moving party complied with Local Rule 37.2</u>."  (emphasis added).  Seeking relief from the Court in this situation is not Plaintiffs' "last resort," and Plaintiffs' Motion says nothing about compliance with Local Rule 37.2.

-4-

**CERTIFICATE OF SERVICE**

        The undersigned, an attorney, certifies that on November 8, 2013, he caused a copy of the foregoing **Defendant's Response to Plaintiffs' Motion to Set Initial Status Conference** to be served via the Court's ECF/electronic mailing system.

/s/ W. Kyle Walther