# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| KEVIN WHEELER and JULIEANNE WHEELER, on behalf of plaintiffs and a class, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| CODILIS AND ASSOCIATES, P.C., | ) ) |
| Defendant. | ) |

Case No. 13-cv-3093

Judge Robert M. Dow, Jr.

## MEMORANDUM OPINION AND ORDER

This is a Fair Debt Collection Practices Act ("FDCPA") case. Plaintiffs Kevin and Julieanne Wheeler allege that Defendant Codilis & Associates, P.C. violated 15 U.S.C. § 1692g(a)(2) by failing to accurately identify the "creditor to whom the debt is owed" in an initial debt collection communication. Defendant has moved to dismiss Plaintiffs' amended complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure [24]. Plaintiffs have filed a motion for an initial status conference [32]. For the reasons stated below, Defendant's motion to dismiss [24] is denied, and Plaintiffs' motion [32] is granted. This matter is set for status at 9:00 a.m. on January 23, 2014. The parties are directed to submit a joint status report with a proposed discovery plan by January 16, 2014.

## I.  Background

For purposes of the instant motion to dismiss, the Court construes the amended complaint in the light most favorable to Plaintiffs, accepting as true all well-pleaded facts and drawing reasonable inferences in their favor. *E.g.*, *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 879 (7th Cir. 2012).

Plaintiffs are individuals who live in the Northern District of Illinois. [21] ¶¶ 4-5. Defendant is a law firm engaged in the business of collecting consumer debts originally owed to others, including residential mortgage debts. On or about July 13, 2012, Defendant sent Plaintiffs a letter informing them that their "account has been referred to our firm for the institution of foreclosure proceedings" and that Defendant was attempting to collect a mortgage debt that Plaintiffs allegedly owed. [21] ¶ 11; *id.* Ex. A. The letter identified Bank of America, N.A., as both the "creditor" and the "servicer" of the loan. [21] ¶ 12; *id*. Ex. A. The letter also identified Bank of America, N.A., as "the creditor to whom the debt is owed." [21] Ex. A.

Plaintiffs allege that Bank of America is not "the creditor to whom the debt is owed." [21] ¶ 15. Instead, they allege, Bank of America is the servicing agent on Plaintiffs' mortgage. *Id.* ¶ 16. A servicing agent is "mortgage industry terminology for one who collects a loan for another." *Id.* ¶ 17. The current owner of the debt is Federal Home Loan Mortgage Corporation, commonly known as "Freddie Mac." *Id.* ¶¶ 15-16, 18. The letter does not make any mention of Freddie Mac. See *id.* Ex. A. Plaintiffs allege that Freddie Mac, as the owner of the loan, is the "creditor to whom the debt is owed." See [21] ¶¶ 16, 18.

The complaint further alleges that the identity of the current "creditor to whom the debt is owed" is "of critical importance to a mortgagor facing foreclosure, * * * because the substantive and procedural rights of a mortgagor whose loan is owned by [Freddie Mac] with respect to loan modification and loss mitigation are not the same as the rights of a mortgagor whose loan is owned by Bank of America, N.A." [21] ¶ 18. Loan modification and loss mitigation procedures generally are dictated by the "creditor to whom the debt is owed." [21] ¶ 21. Plaintiffs have been attempting to secure a loan modification, so it is of particular importance for them to know the correct identity of the "creditor to whom the debt is owed." *Id.* ¶ 24.

2

Plaintiffs allege that Defendant violated 15 U.S.C. § 1692g by misrepresenting the current "creditor to whom the debt is owed," see *id.* ¶¶ 28-29, in their letter as well as in substantially identical letters Defendant sent to other Illinois residents between April 24, 2012 and May 14, 2013. See *id.* ¶¶ 26-27, 30-37.

## II. Legal Standard

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint, not the merits of the case. See *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a Rule 12(b)(6) motion to dismiss, the complaint first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," such that the defendant is given "'fair notice of what the * * * claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Second, the factual allegations in the claim must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

For a claim to be plausible, the plaintiff must put forth enough "facts to raise a reasonable expectation that discovery will reveal evidence" supporting the plaintiff's allegations. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Although "[s]pecific facts are not necessary[—]the

statement need only give the defendant fair notice of what the * * * claim is and the grounds upon which it rests," *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Twombly*, 550 U.S. at 555) (ellipsis in original)—"at some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." *Brooks*, 578 F.3d at 581 (quoting *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007)). The Court reads the complaint and assesses its plausibility as a whole. See *Atkins v. City of Chi.*, 631 F.3d 823, 832 (7th Cir. 2011); *cf. Scott v. City of Chi.*, 195 F.3d 950, 952 (7th Cir.1999) ("Whether a complaint provides notice, however, is determined by looking at the complaint as a whole.").

### III.    Analysis

The FDCPA is aimed at combatting "abusive, deceptive, and unfair debt collection practices." 15 U.S.C. § 1692(a). Relevant to this case is § 1692g, titled "Validation of Debts," which "is aimed at preventing collection efforts based on mistaken information." *Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534, 537 (7th Cir. 2003) (citing S. Rep. No. 95-382, at 4 (1977)). Section 1692g "governs a debt collector's 'initial communication with a consumer in connection with the collection of any debt' and requires, among other things, that the debt collector provide notice of the consumer's right to dispute the validity of the debt and receive verification of it." *McKinney v. Cadleway Props., Inc.*, 548 F.3d 496, 500 (7th Cir. 2008) (quoting 15 U.S.C. § 1692g(a)). "If the required information is not communicated to the debtor, or if it is provided in a manner that is 'confusing' to the consumer, § 1692g has been violated." *McMillan v. Collection Prof'ls, Inc.*, 455 F.3d 754, 758 (7th Cir. 2006). "Debt collectors," see 15 U.S.C. § 1692a(6), that fail to comply with § 1692g "with respect to any person" are "liable to

such person." 15 U.S.C. § 1692k(a). Defendant does not dispute that it is a debt collector that is required to comply with the FDCPA. See [31] at 2 n.1.

Plaintiffs allege that Defendant failed to comply with 15 U.S.C. § 1692g(a)(2), which requires "debt collectors" to provide, either in their initial communications to consumers in connection with the collection of any debt, or within five days thereafter, written notice containing, among other things, "the name of the creditor to whom the debt is owed." 15 U.S.C. § 1692g(a)(2).

Section 1692g does not define "creditor to whom the debt is owed." See 15 U.S.C. § 1692g. However, § 1692a, which defines terms "[a]s used in this subchapter," defines "creditor" as:

> [A]ny person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another.

15 U.S.C. § 1692a(4). Under this definition, a creditor can be any person (1) who offers credit creating a debt, (2) who extends credit creating a debt, or (3) to whom a debt is owed, unless the person acquired a defaulted debt solely for the purpose of collecting it for another. Because the statute itself provides that the definitions are pertinent "in this subchapter," of which § 1692g is a part, the Court is not persuaded by Defendant's unsupported contention that "[t]he definitions in Section 1692a do not speak to whether an entity is a 'creditor to whom the debt is owed' under Section 1692g." [25] at 7. Defendant rightly does point out, however, that "[t]he person 'to whom the debt is owed' is only a subset of the persons who could qualify as a 'creditor'" under this definition. [25] at 6. But that does not mean, as Defendant suggests, that "Section 1692g(a)(2) expresses a preference for the entity *currently responsible* for servicing and enforcing the note and mortgage." *Id.* Defendant has not pointed to any statutory provision or

5

case law suggesting any such preference or otherwise supporting its contention that "the purpose of Section 1692g * * * is best served by identifying the party with control over the administration and enforcement of the loan." *Id.* at 7. The text of § 1692g(a)(2) plainly requires identification of "the creditor to whom the debt is owed," regardless of whether that particular information might in some instances be less useful to a debtor than identification of the loan servicer or other entity. "Where the statute's language is plain, the court's function is to enforce it according to its terms." *Kariotis v. Navistar Int'l Transp. Corp.*, 131 F.3d 672, 680 (7th Cir. 1997).

Defendant next contends that "a mortgage servicer such as [Bank of America] can be a 'creditor' even under Section 1692a(4) of the FDCPA," [25] at 7, and that Bank of America is in fact a creditor (presumably "to whom the debt is owed"). See *id.* at 11. It also asserts that "[t]he terms 'debt collector' in Section 1692a(6) and 'creditor to whom the debt is owed' in Section 1692g are not mutually exclusive. [31] at 2. This latter assertion is not tenable. As a general matter, "debt collectors" and "creditors" *are* mutually exclusive, at least with respect to the collection of a particular debt. See *McKinney v. Cadleway Props., Inc.*, 548 F.3d 496, 501 (7th Cir. 2008); *Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534, 536 (7th Cir. 2003). There also may be a third category, into which entities that are neither "creditors" nor "debt collectors" fall, see *Carter v. AMC, LLC*, 645 F.3d 840, 843-44 (7th Cir. 2011), but, even so, it does not appear that one can be both a "creditor" and "debt collector" with respect to a specific debt. See *id.* at 843 ("We know from the lease that AMC is the lessor's agent rather than the building's owner. This sets up an argument for Carter, because AMC is not her creditor and thus potentially is a debt collector.").

6

This is not to say that Defendant is not correct that it is possible for Bank of America to be a creditor. Defendant indeed has pointed to case law demonstrating that, in some instances, loan servicers properly are considered creditors. But Plaintiffs plausibly have alleged otherwise in this particular instance, albeit in a bare-bones fashion. Both sides' sweeping arguments about creditors, servicers, loan owners, and fraud obscure the question at the heart of this suit: whether Plaintiffs ultimately will be able to carry their burden of demonstrating that this particular letter would be confusing to the unsophisticated consumer. See *McMillan v. Collection Prof'ls, Inc.*, 455 F.3d 754, 759-60 (7th Cir. 2006). The Seventh Circuit has cautioned that the Court "must tread carefully before holding that a letter is not confusing as a matter of law when ruling on a Rule 12(b)(6) motion," *Id.* at 760, and the Court takes that cautionary warning seriously, especially where the arguments advanced do not speak to the nature of the letter at issue.

Defendant argues in the alternative that, even if Bank of America is not a "creditor to whom the debt is owed," "hyper-technical violations of the FDCPA are not actionable," and "labeling a loan servicer as a creditor in a communication to a debtor 'is immaterial.'" [25] at 11-12. Although the FDCPA is a strict liability statute, "the state of mind of the reasonable debtor is *always* relevant." *Wahl v. Midland Credit Mgmt., Inc.*, 556 F.3d 643, 646 (7th Cir. 2009). Thus, to determine whether a particular letter complies with the FDCPA, the Court applies the "unsophisticated consumer" standard. *Zemeckis v. Global Credit & Collection Corp.*, 679 F.3d 632, 635 (7th Cir. 2012). "The letter must be clear and clear and comprehensible to an individual who is 'uninformed, naïve, [and] trusting,' but not without a rudimentary knowledge about the financial world or incapable of making basic deductions and inferences." *Id.* (quoting *Veach v. Sheeks*, 316 F.3d 690, 693 (7th Cir. 2003)) (citation omitted). Additionally, only statements that are "material" are actionable under the FDCPA. See *Hahn v. Triumph P'ships*,

7

557 F.3d 755, 757-58 (7th Cir. 2009). As a general matter, then, Defendant is correct that "[i]f a statement would not mislead the unsophisticated consumer, it does not violate the FDCPA – even if it is false in some technical sense." *Wahl*, 556 F.3d at 645-46.

Yet it is not clear at this early stage of the case that "there is no reasonable argument that Plaintiffs could have been deceived or misled by the identification of the servicer as the 'creditor to whom the debt is owed.'" [25] at 11. The test is not whether *Plaintiffs* were deceived but whether an *unsophisticated consumer* would have been. See *Ruth v. Triumph P'ships*, 577 F.3d 790, 800 (7th Cir. 2009) ("Whether [statements in a dunning letter] were false or not, she had to prove that an unsophisticated consumer would be deceived or misled by them."); *Muha v. Encore Receivable Mgmt., Inc.*, 558 F.3d 623, 628 (7th Cir. 2009) ("Recipients of an allegedly misleading dunning letter can testify that they were misled, and if they are shown to be representative unsophisticated (or, *a fortiori*, sophisticated) consumers, the trier of fact may be able to infer from their testimony that the letter is misleading within the meaning of the Fair Debt Collection Practices Act."); *Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769, 774 (7th Cir. 2007) ("[A] plaintiff cannot withstand summary judgment just by presenting his affidavit that *he* was confused."). Plaintiffs' allegations that the letter contained false information and that the information was crucial to their (and others') pursuit of loan modifications and other relief are sufficient at this stage to support materiality. The Seventh Circuit explained in *Hahn* that the FDCPA "is designed to provide information that helps consumers to choose intelligently," *Hahn*, 557 F.3d at 757, and Plaintiffs have alleged that the correct identity of the "creditor to whom the debt is owed" would help them do just that. Plaintiffs have stated a claim under § 1692g.

Defendant finally suggests that § 1692g and the FDCPA generally may not be the most appropriately targeted vehicles for Plaintiffs' claim. It contends that the Truth in Lending Act ("TILA"), specifically 15 U.S.C. § 1641(g)(1), requires mortgage lenders to disclose transfers or assignments in ownership of mortgage loans. See [25] at 4-5. Plaintiffs did not assert any TILA claims and were not required to, even if TILA might in Defendant's view be more directly applicable to the situation at hand. "The plaintiff as master of the complaint may present (or abjure) any claim he likes." *Katz v. Gerardi*, 552 F.3d 558, 563 (7th Cir. 2009). Congress enacted both the TILA and the FDCPA, and in doing so made a determination that both are necessary to advance important policy goals. Even if by enacting the TILA "Congress has acted to make sure Plaintiffs' fears – not knowing at all times who owns their mortgage – have been addressed," [31] at 5-6, Defendant as a debt collector still may be subject to liability under the FDCPA if it in fact failed to provide Plaintiffs with the information additionally – or concurrently – required by that statute.

## IV. Conclusion

For the reasons stated above, the Court concludes that Plaintiffs have stated a claim for relief under 15 U.S.C. § 1692g. Accordingly, Defendant's motion to dismiss [24] is denied. The Court grants Plaintiffs' motion for a status conference [32] and sets the matter for status at 9:00 a.m. on January 23, 2014. The parties are directed to file a joint status report with a proposed discovery plan by January 16, 2014.

Dated: December 16, 2013

_____
Robert M. Dow, Jr.
United States District Judge